1    WO

2

3

4

5

6              **IN THE UNITED STATES DISTRICT COURT**

7                 **FOR THE DISTRICT OF ARIZONA**

8

9    Agustin Garcia-Hernandez,              No. CV-14-02185-TUC-BPV
                                            PO-14-24446-TUC-BPV
10                  Movant,
                                            **ORDER**
11   v.

12   USA,

13                  Respondent.

14

15         Movant, Agustin Garcia-Hernandez, previously incarcerated at the Giles W Dalby

16   Correctional Facility in Post, Texas, address presently unknown, filed with the Clerk of

17   the Court on June 20, 2014, a *pro se* Motion Under 28 U.S.C. § 2255 to Vacate, Set

18   Aside, or Correct Sentence by a Person in Federal Custody. (Doc. 1.)

19         On June 20, 2014, the Court entered a Notice of Assignment and mailed a copy of

20   the document to Plaintiff at the address listed on his Petition. (Doc. 2.)  On December 11,

21   2014, the Court entered an order directing the Clerk of the Court to serve a copy of the §

22   2255 Motion on the United States Attorney for the District of Arizona. (Doc. 3.)  The

23   order was mailed by the Clerk of Court to Petitioner at his last known address at the Giles

24   W. Dalby Correctional Facility in Post, TX on December 12, 2014. On December 23,

25   2014 the order was returned to the Clerk of the Court stamped "Released Return to

26   Sender" and indicating "Unable to Forward." (Doc. 4.)  Since that time, Petitioner has

27   failed to file a Notice of Change of Address, or in any way to notify the Court of his

28   whereabouts.

1      On January 9, 2015, this Court ordered Petitioner to show cause why this matter

2 should not be dismissed for failure to prosecute and failure to keep the Court informed of

3 his current address by filing a writing with this Court within twenty days of the date of

4 the order to show cause. (Doc. 6.) On January 27, 2015 the order to show cause was

5 returned to the Court as undeliverable and Petitioner has failed to file any document in

6 response to the order to show cause.

7      Rule 83.3(d) of the Local Rules of Civil Procedure (LRCiv) requires that an

8 unrepresented party who is incarcerated file a notice of address change within seven (7)

9 days after the effective date of the change. Having failed to notify the Court of a new

10 address,

11      Plaintiff has the general duty to prosecute this case.  *Fidelity Philadelphia Trust*

12 *Co. v. Pioche Mines Consol., Inc.*, 587 F.2d 27, 29 (9th Cir. 1978).  In this regard, it is the

13 duty of a plaintiff who has filed a pro se action to keep the Court apprised of his or her

14 current address and to comply with the Court's orders in a timely fashion.  This Court

15 does not have an affirmative obligation to locate Plaintiff.  "A party, not the district court,

16 bears the burden of keeping the court apprised of any changes in his mailing address."

17 *Carey v. King*, 856 F.2d 1439, 1441 (9th Cir. 1988).  Plaintiff's failure to keep the Court

18 informed of his new address constitutes failure to prosecute.

19      Rule 41(b) of the Federal Rules of Civil Procedure provides that "[f]or failure of

20 the plaintiff to prosecute or to comply with these rules or any order of court, a defendant

21 may move for dismissal of an action."  In *Link v. Wabash R. Co.*, 370 U.S. 626, 629-31

22 (1962), the Supreme Court recognized that a federal district court has the inherent power

23 to dismiss a case *sua sponte* for failure to prosecute, even though the language of Rule

24 41(b) of the Federal Rules of Civil Procedure appears to require a motion from a party.

25 Moreover, in appropriate circumstances, the Court may dismiss a complaint for failure to

26 prosecute even without notice or hearing.  *Id.* at 633.

27 //

28 //

- 2 -

1       In determining whether Plaintiff's failure to prosecute warrants dismissal of the

2    case, the Court must weigh the following five factors: "(1) the public's interest in

3    expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk

4    of prejudice to the defendants; (4) the public policy favoring disposition of cases on their

5    merits; and (5) the availability of less drastic sanctions."   *Carey*, 856 F.2d at 1440

6    (quoting *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986)).   "The first two of

7    these factors favor the imposition of sanctions in most cases, while the fourth factor cuts

8    against a default or dismissal sanction.  Thus the key factors are prejudice and availability

9    of lesser sanctions." *Wanderer v. Johnson*, 910 F.2d 652, 656 (9th Cir. 1990).

10       Here, the first, second, and third factors favor dismissal of this case.  Movant's

11    failure to keep the Court informed of his address prevents the case from proceeding in the

12    foreseeable future.  The fourth factor, as always, weighs against dismissal.  The fifth

13    factor requires the Court to consider whether a less drastic alternative is available.

14    Without Movant's current address, however, certain alternatives are bound to be futile.

15    Here, as in *Carey*, "[a]n order imposing sanctions would only find itself taking a round

16    trip tour through the United States mail."  856 F.2d at 1441.

17       The Court finds that only one less drastic sanction is realistically available.  Rule

18    41(b) provides that a dismissal for failure to prosecute operates as an adjudication upon

19    the merits "[u]nless the court in its order for dismissal otherwise specifies."  In the instant

20    case, the Court finds that a dismissal with prejudice would be unnecessarily harsh.  The

21    Complaint and this action should therefore be dismissed without prejudice pursuant to

22    Rule 41(b) of the Federal Rules of Civil Procedure.

23       Accordingly,

24    //

25    //

26    //

27    //

28    //

1    IT IS ORDERED:

2        1.    The Motion to Vacate, Set Aside, or Correct Sentence by a Person in

3    Federal Custody Pursuant to 28 U.S.C. § 2255 PO 14-24446-TUC-BPV (Doc. 2) and CV

4    14-2185-TUC-BPV (Doc. 1) is DENIED;

5        2.    CV 14-2185-TUC-BPV is DISMISSED without prejudice, and;

6        3.    The Clerk of the Court shall enter judgment and shall then close its file in

7    this matter.

8        Dated this 23rd day of February, 2015.

9

10

11    _____

12    Bernardo P. Velasco
     United States Magistrate Judge

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 4 -